# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-01448-SCT

*CLEOTHA KEYES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/1997 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOM SUMRALL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | CONO A. CARANNA, II |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 3/4/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On July 10, 1996, Appellant Cleotha Keyes was indicted for the crime of sexual battery of a child under the age of fourteen (14) years in violation of Miss. Code Ann. § 97-3-95 (1994). The case was tried in the Circuit Court for the First Judicial District of Harrison County. The jury returned a verdict of guilty and Keyes was subsequently sentenced to a term of fourteen (14) years in the custody of the Mississippi Department of Corrections. Aggrieved, Keyes raises the following issues on appeal:

> **I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO DISMISS THE CASE AFTER THE STATE COAXED THE VICTIM FOR ONE HOUR AND TWENTY MINUTES IN ORDER TO PERSUADE THE HER TO TESTIFY.**
>
> **II. WHETHER THE STATE ENGAGED IN EXCESSIVE LEADING DURING DIRECT EXAMINATION OF A.B.**

## FACTS

¶2. At the time the alleged battery occurred, A.B.[1], age nine, was living with her mother, her five year old sister, C.D., and her mother's boyfriend, Cleotha Keyes. On December 29, 1995, Cleotha Keyes and A.B. were alone at the house. Keyes called A.B. into the bedroom, told her to lie on the floor, pulled down his pants, and put his penis into A.B.'s mouth. A.B. responded by biting his penis. Keyes then "tongue kissed" A.B., took her into her bedroom, and tied her hands and feet to the bed posts using four jump ropes. While A.B. was tied to the bed Keyes told her that he would kill her. Keyes then left A.B.'s bedroom, at which time C.D. returned home, found her sister tied to the bed, and promptly untied her. Two days later, A.B. told her aunt of the events.

### I. THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR IN REFUSING TO DISMISS THE CASE AFTER THE STATE COAXED THE VICTIM FOR ONE HOUR AND TWENTY MINUTES TO PERSUADE HER TO TESTIFY.

¶3. The State called A.B., age ten at the time of trial, as its first witness. After the judge excused the jury from the courtroom, counsel for the State informed the judge that A.B. was reluctant to enter the courtroom. After one hour and twenty minutes, defense counsel made a motion to dismiss the case pursuant to Rule 803(25) of the Mississippi Rules of Evidence. In response, the prosecution requested a continuance until the next morning. Noting the child's tender years and fearful state, the trial judge ruled as follows:

> All right. This is what I am going to do. We'll recess for today. We will reconvene tomorrow at 8:30. If she's not ready to testify at 8:30, I'll entertain a defendant's motion to dismiss unless you have some corroborating evidence of the act in question.

Shortly thereafter, A.B. decided to testify. She then entered the courtroom, took the stand, and responded to questions raised on direct and cross examination.

¶4. Rule 803(25) of the Mississippi Rules of Evidence, the "Tender Years Exception" to the rule against hearsay, specifically provides:

> **(25) Tender Years Exception.** A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

Miss. R. Evid. 803(25).

¶5. Keyes argues A.B.'s reluctance to testify indicated she was "unavailable", and as such, the trial judge should have dismissed the case under Rule 803(25) due to the prosecution's failure to produce evidence which would corroborate the child's testimony[2]. However, "[t]he trial judge's determination on the availability of a witness will not be disturbed on appeal unless this Court finds the trial judge abused his discretion."*Hennington v. State*, 702 So.2d 403, 411 (Miss. 1997)(*citing Russell v. State*, 670 So. 2d 816, 827 (Miss. 1995)). The trial judge in the present case was unwilling to prematurely declare the child "unavailable" as a witness; thus, he allowed A.B. a limited amount of additional time to decide whether to

take the stand. The judge observed that the child was "terrified" prior to taking the stand and was also informed of an alleged history of physical abuse involving Keyes and A.B. Considering the nature of the case and the age of the child involved, the trial judge did not abuse his discretion in denying Keyes's motion to dismiss.

¶6. When A.B. took the stand following the bench conference and responded to defense counsel's questions on cross examination, the availability of the witness became a moot point. Keyes's arguments on this issue are without merit.

### II. THE STATE DID NOT ENGAGE IN EXCESSIVE LEADING DURING DIRECT EXAMINATION OF A.B.

¶7. Keyes argues that the trial judge erroneously allowed the State to ask leading questions during the direct examination of A.B. In support, he cites Miss. R. Evid. 611(c) which states that leading questions "should not be used on the direct examination of a witness except as may be necessary to develop his testimony. . . . "

¶8. On the contrary, this Court has previously found that the "'classic example' of a situation ripe for leading questions on direct is where the witness is a child." *Eakes v. State*, 665 So. 2d 852, 869 (Miss. 1995) (*quoting* **Jones v. State**, 606 So. 2d 1051, 1059 (Miss. 1992)). Upon a close review of the record, it is evident that the prosecution asked A.B. leading questions on direct examination, but after A.B. began to speak about the events in question, the use of leading questions diminished. Therefore, we find that the use of this technique was necessary to develop the testimony of the child and its allowance was within the discretion of the trial judge.

### CONCLUSION

¶9. Due to the age of the child and the circumstances surrounding the case, we find no error in the trial judge's decision to deny defense counsel's motion to dismiss or the trial judge's decision to allow the use of leading questions on direct examination. Consequently, the judgment of the Harrison County Circuit Court is affirmed.

¶10. **CONVICTION OF SEXUAL BATTERY AND SENTENCE OF FOURTEEN (14) YEARS DAY FOR DAY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH AND WALLER, JJ., CONCUR.**

1. The names of all parties, other than Keyes, have been changed to protect privacy interests.

2. Miss. R. Evid. 804(a) states: "'Unavailability of a witness' includes situations in which the declarant: . . . (2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so . . . . "